WO                                                                                                          NA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shaka,<br><br>          Plaintiff,<br><br>   v.<br><br>Charles L. Ryan, et al.,<br><br>          Defendants. | No.  CV 15-0050-PHX-SMM (BSB)<br><br>**O R D E R** |

On January 12, 2015, Plaintiff Shaka, who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 13, 2015 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to pay the administrative and filing fees or file a complete Application to Proceed. On March 2, 2015, Plaintiff filed a certified six-month trust account statement.  In a May 12, 2015 Order, the Court granted the Application to Proceed and dismissed the Complaint for failure to state a claim; specifically, the failure to allege facts to link the alleged constitutional violation to any named Defendant. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On May 26, 2015, Plaintiff filed his First Amended Complaint. In a June 22, 2015 Order, the Court dismissed the First Amended Complaint and this action because Plaintiff had failed to state a claim upon which relief could be granted. The Clerk of Court

entered a Judgment of Dismissal that same day. On July 2, 2015, Plaintiff filed a Motion for Reconsideration (Doc. 13). The Court will deny the Motion for Reconsideration.

**I.      Motion for Reconsideration**

In his Motion, Plaintiff seeks reconsideration of the Court's June 22 Order dismissing his First Amended Complaint for failure to state a claim. In his Motion, Plaintiff (1) argues that the Court should "give legal weight" to a declaration submitted in *Parsons v. Ryan*, CV12-0601-PHX-DKD (D. Ariz.); (2) expresses his disagreement with the Court's conclusion that he failed to state a claim against any named Defendants; and (3) attaches documents to support his assertion that he did state a medical care claim in his First Amended Complaint.

**II.     Legal Standard and Analysis**

Because Plaintiff seeks an Order altering or amending the Judgment in this case and the Motion was filed within 28 days of the entry of Judgment, the Court will construe Plaintiff's Motion for Reconsideration as having been brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Such motions are disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See* LRCiv 7.2(g); *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Nor should such motions ask the Court to "rethink what the court has already thought through-rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Plaintiff does not discuss how the Rule 59(e) standard applies in this case. Plaintiff cites various documents to support his disagreement with the Court's analysis

that Plaintiff failed to state a medical care claim against any named Defendant.[1] As discussed in the Court's June 22 Order, Plaintiff's allegations and attachments reflect that consulting physicians have indicated that surgery may be needed at some point, but have recommended less drastic treatment to see if Plaintiff gains relief without surgery. While Plaintiff may eventually receive surgery, Defendants did not act with deliberate indifference by following less drastic recommendations of physicians. Plaintiff's disagreement with the Court's Order is not a basis for reconsideration and his arguments do not demonstrate that the Court committed clear error or that the Court's Order was manifestly unjust. Nor has Plaintiff argued that there was an intervening change in controlling law. Plaintiff has failed to state any valid basis for the Court to reconsider its June 22, 2015 Order. Accordingly, the Motion for Reconsideration will be denied and this action will remain closed.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 13) is **denied** and this action shall remain **closed**.

DATED this 9th day of July, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge

---

[1] Plaintiff is no stranger to litigation before this court. *See Malumphy v. Cluff, et al.*, CV94-1728-PHX-SMM (LOA) (D. Ariz. Sept. 30, 1998); *Malumphy v. Ryan, et al.*, CV 95-0272-PHX-SMM (D. Ariz. Aug. 19, 1997); *Shaka v. Stewart, et al.*, CV00-1742-PHX-SMM (D. Ariz. Aug. 12, 2004); *Shaka v. Ryan, et al.*, CV10-2253-PHX-SMM (D. Ariz. Mar. 4, 2015); As reflected in his prior actions, Plaintiff has gained a familiarity with crafting a viable complaint.